# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State ex rel. Patrick Allen Borror,**
**Petitioner Below, Petitioner**

**FILED**

**February 11, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 12-0089** (Monongalia County 09-C-426)

**David Ballard, Warden,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Patrick Allen Borror, by counsel P. Todd Phillips, appeals the Circuit Court of Monongalia County's order entered on August 13, 2011, denying his petition for writ of habeas corpus. Respondent Warden Ballard, by counsel C. Casey Forbes, filed a response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted in separate trials of one count of failing to register as a sex offender and one count of first degree sexual assault. He was sentenced to twenty-five to one hundred years of incarceration for sexual assault, and two to five years of incarceration for failing to register. His appeal to this Court was refused. Petitioner then filed a petition for writ of habeas corpus, challenging several evidentiary errors as well as the sufficiency of the evidence. His petition was denied, and he appeals this denial.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner first argues that the circuit court failed to make specific findings of fact and conclusions of law on each of his alleged errors, that the circuit court lacked proper citations to

1

law in its order, and that the circuit court summarily dismissed his arguments on evidentiary issues. The State argues in response that the order denying habeas relief was adequately specific and complied with the applicable statutes.

Pursuant to West Virginia Code § 53-4A-7, an order denying habeas relief must make specific findings of fact and conclusions of law relating to each contention in the petition. Upon our review of the circuit court's "Order Dismissing Petitioner's Petition for Writ of Habeas Corpus," this Court finds that the order complies with the relevant statutory law.

Petitioner next argues that the circuit court erred in failing to hold an evidentiary hearing because absent a hearing petitioner was precluded from developing the errors listed in his petition. In response, the State argues that a hearing was unnecessary; thus, the circuit court did not err.

This Court has previously addressed the denial of a writ of habeas corpus without holding a hearing, as follows:

> "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 2, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997). In the present matter, the circuit court did not err in failing to hold an evidentiary hearing. A review of the record presented and of the circuit court's order shows that the circuit court properly determined that petitioner was not entitled to relief without the necessity of a hearing.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II